UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT R. POREMSKI,

    Petitioner,

v.                                        CASE NO. 8:05-CV-1177-T-27TBM

JAMES V. CROSBY, JR., et al.,

    Respondents.
_____/

## ORDER

Petitioner, a inmate in the Florida penal system proceeding *pro se*, initiated this cause of action by filing petition for federal habeas relief pursuant to 28 U.S.C. § 2254 challenging his 2002 conviction for attempted first degree murder entered by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1). Respondents filed a response to the petition on February 15, 2006 (Dkt. 7).

Petitioner's reply to the response was due on or before March 7, 2006, *see* Dkt. 6. To date, he has not filed a reply. *See* Rule 5(e), Rules Governing Section 2254 Cases (2005) ("The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge").

After carefully examining the allegations of the petition and documents attached thereto, *see* Dkt. 1, the Court concludes *sua sponte* that it may be time barred pursuant to 28 U.S.C. § 2244(d)(1). *See Jackson v. Sec. for the Dep't of Corrs.*, 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal

habeas relief, a district court must determine whether the petition is barred by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996).

State prisoners whose convictions became final after April 24, 1996, have one year from the latest of any of four events to file a § 2254 motion: (1) the date on which the conviction became final; (2) the date on which any state-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). A judgment becomes "final" when the time for seeking direct review expires. A "properly filed application for State post-conviction or other collateral review" tolls the statute of limitations period while the state application is pending. 28 U.S.C. § 2244(d)(2).

According to Petitioner's sworn statements, see Dkt. 1 at 15, his conviction was entered on July 24, 2002 (Dkt. 1 at 1). Because he failed to file a timely notice of appeal, his conviction became final on August 23, 2002. See Gust v. State, 535 So.2d 642 (Fla. 1st DCA 1988). Absent tolling by a "properly filed" application for state post-conviction relief, Petitioner had until August 23, 2003, to file a petition for federal habeas relief. See 28 U.S.C. § 2244(d)(1).

Under Florida law, the notice of appeal of a criminal conviction must be filed within 30 days of the date on which the conviction was entered. Petitioner delayed filing a notice of appeal until October 8, 2002 – 50 days after the time for perfecting an appeal expired. When the state district court found that the appeal was untimely, Petitioner filed a notice of voluntary dismissal. In Artuz v. Bennett, the United States Supreme Court held that an

application for post-conviction relief is "properly filed when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." 531 U.S. 4, 8 (2000). Petitioner's untimely notice of appeal was not "properly filed" because it was not filed in compliance with Florida's rules of appellate procedure. Thus, his untimely notice of appeal had no tolling effect on the one-year limitations period.

Petitioner's limitation period expired on August 23, 2003. He filed an application for state post-conviction relief 196 days later, on March 7, 2004, *see* Dkt. 1, Ex. A. Once the limitations period expires, it cannot be reinitiated. Thus, Petitioner's filings after August 23, 2003, had no tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333-34 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002).

Given the chronology of events set forth in the petition, more than one year elapsed between the date Petitioner's conviction became final after the expiration of the period for seeking direct review and the date on which he filed the instant petition. Absent equitable tolling of the limitations period, the petition is time barred.

Section 2244 "permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence.'" *Steed v. Head,* 219 F.3d 1298, 1300 (11th Cir. 2000) (quoting *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dept. of Corrs.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

ACCORDINGLY, the Court **ORDERS** that Petitioner shall, within **TWENTY (20) DAYS** hereof, file his reply, if any, to the response. At that time, the Court will take this

matter under advisement, and a decision will be forthcoming when the Court has completed its review.

ORDERED in Tampa, Florida, on _____May 30_____, 2006.

*[signature]*
THOMAS B. McCOUN, III
United States Magistrate Judge

Copy furnished to:
*Pro Se* Petitioner
SA:jsh